UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No. 08-80628-CIV-RYSKAMP/VITUNAC

JAY MALTBY, EZRA SHASHOUA,
CHRIS MITCHELL, WILLIAM MCGOUGH,
CHESTER BRANDES and WILLIAM VIGGIANO,

        Plaintiffs,

v.

THE ABSOLUT SPIRITS COMPANY, INC.,
a foreign corporation,

        Defendant.
_____/

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S RESPONSES TO FIRST REQUEST FOR PRODUCTION NOS: 27-31**

Plaintiffs, JAY MALTBY, EZRA SHASHOUA, CHRIS MITCHELL, WILLIAM MCGOUGH, CHESTER BRANDES and WILLIAM VIGGIANO, by and through undersigned counsel, and pursuant to Federal Rule of Procedure 37(a) and S.D. Fla. L.R. 26.1.H, move this Court for an order compelling Defendant, THE ABSOLUT SPIRITS COMPANY, INC. ("ASCI"), to produce the documents requested in Plaintiffs' First Request for Production Nos. 27-31.

**I. INTRODUCTION**[1]

This is an action in which the Plaintiffs seek to clarify their rights to future retirement benefits under the terms of a retirement plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et. seq. The action is brought pursuant 29 U.S.C. §1132(a)(1)(B).

---

[1] This action, along with the discovery at issue, was originally filed in state court in May, 2008. The Defendant removed the action to this Court on June 11, 2008. The parties agreed that the Plaintiffs would not have to re-serve their initial discovery in this action, but that the Defendant would simply respond to the state-court discovery following the parties' Rule 26 conference.

At all material times, the Plaintiffs were executive employees with the publically-traded company then known as Cruzan International, Inc., a Delaware Corporation ("Cruzan").  During their employment, each Plaintiff executed with Cruzan a Salary Continuation Plan Agreement ("SCPA") and an Endorsement Split-Dollar Agreement ("Split-Dollar Agreement")(together collectively referred to as "the Agreements").  *See*, Exhibits 1 and 2 attached.[2]  On September 26, 2005, ASCI acquired a controlling stock interest in Cruzan and became its majority shareholder.  This acquisition constituted a "Change in Control" of Cruzan for purposes of the Agreements.  As the successor to Cruzan, the Agreements are binding on ASCI. [*See*, Pl. Comp., ¶¶ 20-22 (D.E. No: 1); ASCI's Answer/Affirmative Defenses, ¶¶ 20-22 (D.E. No: 5)].

Following the "Change in Control", and at various times during August, 2006 through May, 2007, ASCI terminated all of the Plaintiffs' employment with Cruzan.  No Plaintiff was terminated "for cause" as defined in the Agreements [*See*, Pl. Comp., ¶¶ 23-26 (D.E. No: 1); ASCI's Answer/Affirmative Defenses, ¶¶ 23-26 (D.E. No: 5)].  Unless the Plaintiffs are terminated "for cause", ASCI may not terminate the Agreements without the consent of the Plaintiffs. (*See*, Exhibit 1, ¶10; Exhibit 2, ¶7).  The Plaintiffs have not given ASCI their consent to terminate the Agreements and they remain in effect today (*See*, Pl. Comp., ¶¶29-30 (D.E. No: 1); ASCI's Answer/Affirmative Defenses, ¶¶ 29-30 (D.E. No: 5)].

The parties are now in dispute as to the scope and amount of benefits to which the Plaintiffs are entitled under the Agreements.  The Plaintiffs contend that they are entitled to full retirement

---

[2] Except for variations in their respective operative dates and sums due, all of the Agreements are identical for each Plaintiff.  For simplicity, only Mr. Maltby's Agreements are attached to this Motion.  However, all of the Plaintiffs' Agreements are attached to the Complaint herein.

2

*MALTBY v. THE ABSOLUT SPIRITS COMPANY*
Case No. 08-80628-CIV-RYSKAMP/VITUNAC

benefits upon attainment of age 65 by virtue of their termination of employment from Cruzan without cause after a Change in Control. ASCI denies the Plaintiffs are entitled to full retirement benefits and has asserted several affirmative defenses (discussed more fully *infra*).

On May 23, 2008, the Plaintiffs served their First Request For Production on ASCI. *See*, Exhibit 3, attached. ASCI served its Response on September 29, 2008. *See*, Exhibit 4, attached.[3] The following requests are the subject of this Motion: Nos: 27, 28, 29, 30 and 31. Although each will be addressed separately, Requests Nos: 27 & 28 can be addressed together because they are identical, except for the individual involved.

### Plaintiffs' First Request for Production to Defendant

**Plaintiff's Request No. 27 sought:**

> All documents concerning Ousik Yu's Salary Continuation Plan Agreement and Endorsement Split-Dollar Agreement with Cruzan, including any settlement agreements and correspondence related thereto. *See*, Exhibit 3 at pg. 6.

*Defendant Responded to Request No. 27 by stating*:

> Absolut objects to this request as it is not relevant to the subject matter of the action, nor admissible at the trial, nor reasonably calculated to lead to the discovery of admissible evidence. *See*, Exhibit 4 at pg. 10.

**Plaintiff's Request No. 28 sought**:

> All documents concerning Tom Valdes's Salary Continuation Plan Agreement and Endorsement Split-Dollar Agreement with Cruzan, including any settlement agreements and correspondence related thereto. *See*, Exhibit 3, at pg. 6.

---

[3] Per agreement providing for an extension of time to respond, the Defendant's response was timely.

>   *Defendant Responded to Request No. 28 by stating*:
>
>   Absolut objects to this request as it is not relevant to the subject matter of the action, nor admissible at the trial, nor reasonably calculated to the lead to the discovery of admissible evidence. *See*, Exhibit 4 at pg. 11.

**Basis for Requests**: Like the Plaintiffs herein, Messrs. Ousik Yu and Tom Valdes were at one time high-level executives with Cruzan. They both executed an SCPA and Split-Dollar Agreement with Cruzan that were identical to the Plaintiffs' Agreements (except for different operative dates and sums due). Both Yu and Valdes were terminated by ASCI in the same manner as the Plaintiffs, ie: "without cause following a Change in Control." However, they both resolved their respective claims for retirement benefits under their Agreements without the necessity of litigation.[4]

The documents now sought by the Plaintiffs are relevant because the manner in which ASCI analyzed and paid Yu's and Valdes's claims is relevant to whether ASCI's complete denial of the Plaintiffs' retirement benefits was justified. ASCI has raised two affirmative defenses relative to this issue. In its second affirmative defense, ASCI states that its "claims determination (denying the Plaintiffs' benefits) was not arbitrary, capricious, unreasonable or made in bad faith." Its third affirmative defense asserts that "the plan administrator's determination of the Plaintiffs' claims for benefits is rational and based on a reasonable reading of the Agreements." *See*, ASCI's Answer, 2nd and 3rd Affirmative Defenses (D.E. No: 5).

---

[4] The Plaintiffs do not expect ASCI to reasonably dispute that the Agreements Messrs. Yu and Valdes executed with Cruzan are the same as the Plaintiffs' Agreements. Nor can ASCI reasonably dispute that Yu and Valdes were terminated "without cause following a Change in Control" or that they resolved their respective claims with ASCI. If ASCI does dispute this, the Plaintiffs will provide- if necessary in a reply memorandum - a supporting affidavit from Cruzan's former Chief Financial Officer (and Plaintiff herein), Mr. Ezra Shashoua.

The Plaintiffs should be allowed to discover the reasons (and supporting documents) underlying ASCI's decision to settle the claims with Messrs. Yu and Valdes so they can reconcile that with ASCI's corresponding decision to reject altogether the Plaintiffs' own claims for full retirement benefits. This is central to assessing whether ASCI's decision to reject the Plaintiffs' claims - under Agreements identical to Yu's and Valdes's - was "arbitrary, capricious, unreasonable, in bad faith and/or rational."

Notably, ASCI's response does not specify how the information sought is "irrelevant". *See*, Dunkin' Donuts, Inc v. Mary's Donuts, Inc., 2001 WL 34079319 at *2 (S.D. Fla. 2001)("[T]he burden of showing that the requested discovery is not relevant to the issues in the case in on the party resisting discovery"). When assessing "relevancy", Courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *See*, Buckley Towers Condominium, Inc v. QBE Insurance Corp., 2008 WL 2645680 at *1 (S.D. Fla. 2008). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See*, Donahay v. Palm Beach Tours & Transportation, Inc., 242 F.R.D. 685, 687 (S.D. Fla. 2007), *citing*, Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).

Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims or defenses of the parties. Buckley Towers Condominium, Inc., 2008 WL 2645680 at *1 (S.D. Fla. 2008). This means that the objecting party must show either that the requested discovery (1) does not come within the broad scope of Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. Id. None of these elements are applicable here.

Because the information sought in Requests Nos: 27 and 28 is relevant or reasonably calculated to lead to the discovery of admissible evidence, ASCI's objections should be overruled.

**Plaintiff's Request No. 29 sought:**

> All documents concerning the retirement plans in place for executives of ASCI (the Defendant). *See*, Exhibit 3 at pg. 6

*Defendant Responded to Request No. 29 by stating*:

> Absolut objects to this request as it is not relevant to the subject matter of the action, nor admissible at the trial, nor reasonably calculated to the lead to the discovery of admissible evidence. *See*, Exhibit 4 at pg. 11.

**Basis for Request**: The manner in which ASCI handles "Change of Control" provisions in its own plans is probative of whether its interpretation of a similar provision in the Plaintiffs' Agreements, which resulted in a denial of benefits, was "arbitrary", "capricious" or a "reasonable reading of the Agreements". *See*, Defendant's Aff. Defenses Nos: 2 & 3 (D.E. No: 5). If ASCI construes its plans to provide full retirement benefits upon a "no-cause" termination following a change of control, but then rejects the Plaintiffs' claim for benefits despite similar circumstances and similar plan language, such inconsistency would, in fact, suggest that ASCI's decision relative to the Plaintiffs's claim was "arbitrary, capricious and/or unreasonable". The documents sought could at least lead to the discovery of admissible evidence on those issues.

Given the settled federal principles, discussed *supra*, that encourage broad, liberal discovery and discourage "relevancy" objections, ASCI should be required to produce the documents sought in Request No: 29.

*MALTBY v. THE ABSOLUT SPIRITS COMPANY*
*Case No. 08-80628-CIV-RYSKAMP/VITUNAC*

**Plaintiff's Request No. 30 sought**:

A copy of the offering memorandum prepared by V&S relative to the sale of V&S. *See*, Exhibit 3 at pg. 6.

*Defendant Responded to Request No. 30 by stating*:

Absolut objects to this request as it is not relevant to the subject matter of the action, nor admissible at the trial, nor reasonably calculated to the lead to the discovery of admissible evidence. *See*, Exhibit 4 at pg. 11.

**Basis for Request**: At all times relevant to this action, ASCI was a wholly-owned subsidiary of the Swedish company, V&S Vin & Spirit AB ("V&S"). In 2007, V&S put itself up for sale and prepared an offering memorandum. Upon information and belief, the Plaintiffs' claims for full retirement benefits was discussed in that memorandum as part of V&S's disclosure requirements. As ASCI's parent company, the manner in which V&S characterized the Plaintiffs' claims and any opinions expressed relative to its merits, is probative of the claims and defenses raised in this case. Accordingly, ASCI's objection to Request No: 30 should be overruled.

**Plaintiff's Request No. 31 sought**:

All documents in ASCI's possession, prepared in connection with the sale of V&S that concern the Plaintiffs' claims under the SCPAs or the Split-Dollar Agreements. *See*, Exhibit 3 at pg. 6

*Defendant Responded to Request No. 31 by stating*:

Absolut objects to this request as it is not relevant to the subject matter of the action, nor admissible at the trial, nor reasonably calculated to the lead to the discovery of admissible evidence. *See*, Exhibit 4 at pg. 11.

**Basis for Request**: These documents are likely to lead to the discovery of admissible evidence, essentially for the same reasons that justify production of V&S's offering memorandum. Documents that were prepared in connection with the V&S sale that concern the Plaintiffs' claims could shed

light on how V&S characterized or administered the Plaintiffs' claims and whether V&S considered them meritorious. Those considerations are germane to the issue of whether the decision to deny benefits was "arbitrary, capricious, unreasonable, etc.". Therefore, the documents in Request No: 31 should be produced.

### Certificate of Compliance with S.D. Fla. L.R.7.1A.3

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Southern District of Florida Local Rule 7.1A.3, undersigned counsel certifies that he has conferred in good faith with Defendant's counsel in an effort to secure the relief sought by this motion without Court action, but has been unsuccessful.

WHEREFORE, Plaintiffs request that this Court enter an order compelling the Defendant to provide the Plaintiffs with the documents sought in Nos: 27 - 31 of their First Request For Production within ten (10) days, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

SEIDEN, ALDER, MATTHEWMAN & BLOCH, P.A.
Attorneys for Plaintiffs
2300 Glades Road, Suite 340 West
Boca Raton, FL 33431-8534
Telephone:   (561) 416-0170
Facsimile:    (561) 416-0171

By:  /s/ Alan L. Goodman
     Andrew Seiden
     Florida Bar No. 373672
     aseiden@seidenlaw.com
     Alan L. Goodman
     Florida Bar No. 936560
     agoodman@seidenlaw.com

*MALTBY v. THE ABSOLUT SPIRITS COMPANY*
*Case No. 08-80628-CIV-RYSKAMP/VITUNAC*

## CERTIFICATE OF SERVICE

I hereby certify that on this __7th__ day of November, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel for record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Alan L. Goodman
     Alan L. Goodman
     Florida Bar No. 936560
     agoodman@seidenlaw.com

## SERVICE LIST
### Jay Maltby, et al. v. The Absolut Spirits Company, Inc.
### Case No. 08-80628-CIV-RYSKAMP/VITUNAC
### United States District Court, Southern District of Florida

| | |
|---|---|
| Steven E. Siff, Esq. | Andrew Seiden, Esq. |
| ssiff@mwe.com | aseiden@seidenlaw.com |
| Michael G. Austin, Esq. | Alan L. Goodman, Esq. |
| maustin@mwe.com | agoodman@seidenlaw.com |
| McDermott Will & Emery, LLP | Seiden, Alder, Matthewman & Bloch, P.A. |
| 201 S. Biscayne Blvd., Suite 2200 | 2300 Glades Road, Suite 340 West |
| Miami, Florida 33131 | Boca Raton, FL 33431 |
| Tel: 305-358-3500 | Tel: 561-416-0170 |
| Fax: 305-347-6500 | Fax: 561-416-0171 |
| Attorneys for Defendant | Attorneys for Plaintiffs |
| Method of Service: CM/ECF | Method of Service: CM/ECF |