UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO. 08-80628-CIV-RYSKAMP/VITUNAC

JAY MALTBY, EZRA SHASHOUA,
CHRIS MITCHELL, WILLIAM MCGOUGH,
CHESTER BRANDES and WILLIAM VIGGIANO,

    Plaintiffs,

vs.

THE ABSOLUT SPIRITS COMPANY, INC.,
a foreign corporation,

    Defendant.
_____/

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant The Absolut Spirits Company, Inc. ("ASCI"), through its attorneys, McDermott Will & Emery, hereby responds to Plaintiffs' Motion to Compel Defendant's Responses to First Request for Production Nos. 27-31 ("Motion") (D.E. #12).

**Introduction**

By this Motion, Plaintiffs ask the Court to compel production of documents sought in their First Request for Production to Defendant ("Document Requests") (D.E. #12, Exhibit 3), which are wholly irrelevant to any claim or defense in this action. Specifically, Plaintiffs are seeking: documents relating to settlement negotiations that are irrelevant as well as inadmissible; documents relating to other employee benefit agreements with other persons that have no rational connection to this action; and documents relating to a transaction unrelated to, and taking place well after, the execution of the agreements that are at issue here. ASCI maintains its

objection to the production of these documents on grounds of relevance, and respectfully requests that Plaintiffs' Motion be denied.

### Standard of Review

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "A district court can deny a motion to compel further discovery if it concludes that the questions are irrelevant." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 732 (11th Cir.1984)).

To facilitate the Court's review and disposition of the Motion, ASCI will address the issues raised by Plaintiffs in the order presented in their Motion.

### Request Nos. 27 and 28

Request Nos. 27 and 28 seek documents relating to employee benefits agreements with Ousik Yu and Tom Valdes, former executives of Cruzan who are not parties to this action, and who entered into separate settlements with ASCI of claims similar to those asserted by Plaintiffs. Specifically included among the documents sought by these requests are "settlement agreements and correspondence related thereto." (Document Requests at 6.)

Plaintiffs argue that these settlement-related documents are discoverable as they relate "to whether ASCI's complete denial of the Plaintiffs' retirement benefits was justified" – or, stated differently, as they relate to ASCI's liability for the claimed benefits. (Motion at 4.) Plaintiffs' stated purpose for seeking these documents is unavailing, however, as Rule 408(a) of the Federal Rules of Evidence makes clear that "conduct or statements made in compromise negotiations"

are not admissible "when offered to prove liability." "While Rule 408 deals only with admissibility at trial and not the scope of discovery, the rule makes it unlikely that information about prior settlements will lead to the discovery of admissible evidence." *Shipes v. BIC Corp.*, 154 F.R.D. 301, 309 (M.D. Ga. 1994) (requiring "particularized showing" that settlement information is likely to lead to admissible evidence before it can be discovered); *see also Morse/Diesel, Inc. v. Trinity Indus.*, 142 F.R.D. 80, 84 (S.D.N.Y. 1992) (quoting *Bottaro v. Hatton Assoc.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) ("we think the better rule is to require some particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement")). As these documents are not admissible for the stated purpose for which they are sought, and as Plaintiffs fail to provide any showing, particularized or otherwise, of how these requests for inadmissible documents are reasonably calculated to lead to the discovery of admissible evidence, Plaintiffs' Motion with respect to these requests should be denied.

Further, even assuming *arguendo* that Rule 408(a) does not bar discovery of these documents, Plaintiffs' Motion with respect to these requests should be denied on the grounds that the agreements with Yu and Valdes, the disputes arising thereunder, and the subsequent settlements have no rational relationship with, and are totally irrelevant to, any claim or defense in this action. *See Weaver*, 169 F.3d at 1320 (affirming denial of motion to compel discovery relating to settlement discussions on grounds that defendant "failed to demonstrate what possible relevancy these documents could have" (quotation omitted)); *Serina v. Albertson's, Inc.*, 128 F.R.D. 290, 293 (M.D. Fla. 1989) (finding application of Rule 408 unnecessary as "plaintiff has failed to meet his burden of making out a factual basis for his claim of relevance of the

settlement information sought" That Yu and Valdes were able to reach a mutually-acceptable compromise with ASCI has no bearing whatsoever on the merits of Plaintiffs' claims.

Plaintiffs' argument that documents relating to the settlements with Yu and Valdes are somehow "central to assessing whether ASCI's decision to reject the Plaintiffs' claims . . . was 'arbitrary, capricious, unreasonable, in bad faith and/or rational'" is also without merit. (Motion at 5.) Specifically, Plaintiffs fail to adequately explain why documents relating to the Yu and Valdes settlements are somehow an indispensable yardstick for evaluating ASCI's conduct vis-à-vis the Plaintiffs, or why such conduct cannot otherwise be evaluated on its own. Accordingly, Plaintiffs' Motion with respect to these requests should be denied.

### Request No. 29

Request No. 29 seeks "[a]ll documents concerning the retirement plans in place for executives of ASCI." (Document Requests at 6.) ASCI objects to this request, as other plans for other persons not parties to this action are wholly irrelevant to any claim or defense in this action. Specifically, how ASCI handles any "Change of Control" provisions in its own plans has no probative value in determining the intent of the Plaintiffs and Cruzan, ASCI's predecessor in interest, with respect to the "Change of Control" provision in the agreements at issue here. Accordingly, Plaintiffs' Motion with respect to this request should be denied.

### Request No. 30

Request No. 30 seeks "[a] copy of the offering memorandum prepared by V&S relative to the sale of V&S." (Document Requests at 6.) ASCI objects to this request, as the V&S sale generally, and the offering memorandum specifically, are not relevant to any claim or defense in this action. The V&S sale took place after Plaintiffs' termination, and well after the execution of the agreements at issue in this action. Documents relating to the V&S sale thus have no

probative value in determining the intent of the parties in entering into these agreements. Accordingly, Plaintiffs' Motion with respect to this request should be denied. To the extent the Court believes the memorandum to be discoverable, it should be limited to portions of the memorandum that discuss plaintiffs' claims, to the extent the claims were discussed.[1]

**Request No. 31**

Request No. 31 seeks documents prepared in connection with the sale of V&S that concern the Plaintiffs' claims under the SCPAs or Split Dollar Agreements." (Document Requests at 6.) Plaintiffs have already been advised that there is nothing in the purchase agreement relating to the V&S sale that relates to Plaintiffs' claims in this action. (See Letter from Alan L. Goodman, dated November 10, 2008, attached hereto as Exhibit 1.) There is also nothing in any other document prepared in connection with the sale of V&S that concerns Plaintiffs' claims. As there are no documents responsive to this request, Plaintiffs' Motion with respect to this request should be denied.

**Conclusion**

For the reasons set forth above and in their specific objections to Plaintiffs' requests, Defendant respectfully requests that the Court sustain its objections and deny Plaintiffs' motion to compel production of documents.

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that, on December 2, 2008, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to: Andrew Seiden, Esq. and Alan L. Goodman,

---

[1] ASCI does not have possession of the "offering memorandum," but is attempting to obtain a copy to determine if in fact the plaintiffs' claims are even mentioned.

Esq., SEIDEN, ALDER, MATTHEWMAN & BLOCH, P.A., 7795 N.W. Beacon Square Boulevard, Suite 201, Boca Raton, Florida 33487, *Counsel for Plaintiffs*.

                            **McDERMOTT WILL & EMERY LLP**

By:      *s/Steven E. Siff*
      Steven E. Siff (FBN 568872)
      *ssiff@mwe.com*
      Samuel M. Sheldon (FBN 0054088)
      *ssheldon@mwe.com*
      201 S. Biscayne Blvd.
      Suite 2200, Miami Center
      Miami, Florida 33131
      Tel.  305.358.3500
      Fax.  305.347.6500

      *Counsel for Defendant The Absolut Spirits Company, Inc.*