**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**


Case No. 08-80628-CIV-RYSKAMP/VITUNAC


JAY MALTBY, EZRA SHASHOUA,
CHRIS MITCHELL, WILLIAM MCGOUGH,
CHESTER BRANDES and WILLIAM VIGGIANO,


          Plaintiffs,

v.

THE ABSOLUT SPIRITS COMPANY, INC.,
a foreign corporation,


          Defendant.
_____/


**ORDER GRANTING MOTION TO COMPEL RESPONSES FOR FIRST REQUEST**
**FOR PRODUCTION AND GRANTING MOTION FOR IN CAMERA INSPECTION**


      THIS CAUSE comes before the Court pursuant to Plaintiffs' Motion to Compel

Responses to First Request for Production, filed November 7, 2008 **[DE 12]**.  Defendant

responded on December 2, 2008 **[DE 16]**.  Plaintiffs replied on December 8, 2008 **[DE 18]**.  This

cause is also before the Court pursuant to Plaintiffs' Motion to Compel Disclosure of Documents

Withheld by Defendant under Claim of Attorney-Client Communication Privilege or Attorney

Work Product Privilege, filed January 9, 2009 **[DE 19]**.  Defendant responded on February 3,

2009 **[DE 24]**.  Plaintiffs replied on February 13, 2009 **[DE 27]**.  These motions are ripe for

adjudication.

**A.**      **Factual Background**

Plaintiffs seek to clarify their rights to future retirement benefits under the terms of a retirement plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  This action is brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

Plaintiffs were executive employees of a publicly traded company then known as Cruzan International, Inc.  During their employment, Plaintiffs executed with Cruzan a Salary Continuation Plan Agreement ("SCPA") and an Endorsement Split-Dollar Agreement (the "Split-Dollar Agreement") (collectively, "Agreements").  On September 26, 2005, Defendant, the Absolut Spirits Co., Inc. ("Defendant") acquired a Controlling Stock Interest in Cruzan and became its majority shareholder.  This acquisition constituted a "Change in Control" of Cruzan for purposes of the Agreements.  In March of 2006, Defendant purchased the remaining issued and outstanding stock from Cruzan's minority shareholders, thereby obtaining a 100% ownership interest in the company.  Plaintiffs maintained that the Agreements were binding on Defendant as the successor to Cruzan.

At various times, from August 2006 through May of 2007, Defendant terminated all of the Plaintiffs' employment.  The Plaintiffs maintained that they were not terminated "for cause," and that, as a result, Defendant could not terminate the Agreements without their consent.  Plaintiffs have not consented to the termination of the Agreements.  The parties dispute the scope and amount of retirement benefits to which Plaintiffs are entitled under the Agreements.

**B.    Motion to Compel Responses to Request for Production**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed.R.Civ.P. 26(b)(1).  Courts construe this language to permit "open disclosure of all potentially relevant information."  Burns v. Thiokol Chemical Corp., 483

F.2d 300, 307 (5th Cir. 1973).  The scope of discovery is limited, however.  The information

sought must be relevant and not overly burdensome to the responding party.  <u>Washington v.</u>

<u>Brown & Williamson Tobacco Corp.</u>, 959 F.2d 1566, 1570 (11th Cir. 1992) (citing <u>Trevino v.</u>

<u>Celanese Corp.</u>, 701 F.2d 397, 406 (5th Cir. 1983)).  Discovery should be tailored to the issues

involved in the particular case.  <u>Id</u>.  Local Rule 26.1.G.3(a) requires that all grounds for

objections to discovery be stated with specificity.  Local Rule 26.1.G.3(a) also provides that

"[a]ny grounds not stated in an objection [to a discovery request] within the time provided by the

Federal Rules of Civil Procedure, or any extension thereof, shall be waived."

      Plaintiffs request the Court to compel Defendant to answer the following Requests for

Production:

<u>Requests for Production No. 27 and 28</u>:

      Request:

            All documents concerning Ousick Yu's [and Tom Valdes's] Salary
            Continuation Plan Agreement and Endorsement Split-Dollar
            Agreement with Cruzan, including any settlement agreement and
            correspondence related thereto.[1]

      Objection:

            [Defendant] objects to this request as it is not relevant to the
            subject matter of the action, nor admissible at the trial, nor
            reasonably calculated to lead to the discovery of admissible
            evidence.

      Like Plaintiffs herein, Yu and Valdes were once high-level executives with Cruzan.  They

both executed agreements that were identical to that Plaintiffs' Agreements, except their

---

[1]Requests No. 27 and 28 are identical, except that Request No. 27 requests documents concerning Ousick Yu, and Request No. 28 requests documents concerning Tom Valdes.

4

agreements contained different operative dates and different sums due.  Yu and Valdes were terminated without cause following the Change in Control.  Both resolved their claims for retirement benefits under their agreements without resorting to litigation.

These documents are relevant because the manner in which Defendant analyzed and paid these claims is relevant to whether its complete denial of Plaintiffs' retirement benefits was justified.  Defendant maintains that its denial of benefits "was not arbitrary, capricious, unreasonable or made in bad faith."  It also claims that its denial was "rational and based on a reasonable reading of the Agreements."  Plaintiffs should be allowed to discover the reasons and supporting documents underlying Defendant's decision to settle the claims of Yu and Valdes to compare those settlements with Defendant's corresponding decision to deny Plaintiffs' claims for full retirement benefits.

Defendant's objection to this discovery request is not compelling.  The relevance objection is vague; it does not state why the requested information is irrelevant.  Accordingly, this objection is not in compliance with the local rule requiring that all objections be stated with specificity.  Defendant also maintains that the requested information is not admissible in court, but the standard for discoverability is relevance, not admissibility.  Defendant also objects to the discoverability of the requested information on the grounds that F.R.E. 408(a), which states that documentation of settlement negotiations is not admissible to prove liability.  The Court declines to consider this argument because Defendant did not raise this issue in its initial objections.  As such, this objection is waived pursuant to Local Rule 26.1.G.3(a).  Defendant is direct to respond to Requests for Production No. 27 and 28.

5

Request for Production No. 29:

      Request:

           Documents concerning the retirement plans in place for executives of [Defendant].

      Objection:

           [Defendant] objects to this request as it is not relevant to the subject matter of the action, nor admissible at the trial, nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant claims that the manner in which it handled the "Change of Control" provisions in its plans is not probative of its handling of the same provisions in the Agreements at issue here. The manner in which Defendant handles "Change of Control" provisions in its own plans is probative of whether its interpretation of a similar provision in Plaintiffs' Agreements was arbitrary, capricious or unreasonable. If Defendant construes its plans to provide full retirement benefits upon no-cause terminations following a "Change of Control" but nevertheless rejects Plaintiffs' claims for benefits, this inconsistency could suggest that Defendant's decision to deny Plaintiffs' claim was arbitrary, capricious or unreasonable.

Defendant continues to maintain that the requested information is not admissible in court, but the standard for discoverability is relevance, not admissibility. Defendant is directed to respond to Request for Production No. 29.

Request No. 30:

      Request:

           A copy of the offering memorandum provided by V&S relative to the sale of V&S.

Objection:

> [Defendant] objects to this request as it is not relevant to the
> subject matter of the action, nor admissible at the trial, nor
> reasonably calculated to lead to the discovery of admissible
> evidence.

During the relevant time, Defendant was a wholly owned subsidiary of a Swedish

company, Vin & Spirit AB ("V&S").  In 2007, V&S put itself up for sale and prepared an

offering memorandum.  Plaintiffs maintained that the sale of a business "typically requires the

disclosure of all known claims against it."  Plaintiffs believe their claims are worth several

million dollars, and, as such, they believe that these claims would have been disclosed as part of

the sale.

Defendant claims that this information is irrelevant because the sale took place after

Plaintiffs' terminations and after the execution of the Agreements.  The Court disagrees.  Even

though the sale occurred after Plaintiffs' terminations, the manner in which V&S, Defendant's

parent company, characterized their claims is probative of the claims and defenses raised in this

case.  Defendant is directed to respond to Request for Production No. 30.

**C.      Motion to Compel Production of Documents Withheld on Basis of Privilege**

Plaintiffs have requested that Defendant produce a significant number of documents.  In

response to the production requests, Defendant has withheld approximately 182 documents on

the basis of attorney-client and/or work product privileges.  Plaintiffs contend that these

documents should be produced because the documents are not protected under either privilege.

Plaintiffs also maintain that, because these documents were allegedly generated or reviewed in

connection with Defendant's administration of Plaintiffs' claims, they are subject to the

"fiduciary exception" and "full and fair review" doctrines applicable to ERISA actions.  The

fiduciary exception to the attorney-client privilege provides that an employer acting in the

capacity of an ERISA fiduciary may not assert the attorney-client privilege against plan

beneficiaries on matters of plan administration.  The privilege does not apply, however, where

the trustee seeks legal advice for its own protection.  Smith v. Jefferson Pilot Fin. Ins. Co., 245

F.R.D. 45, 48 (D. Mass. 2007).  The full and fair review exemption to the work product doctrine

requires a fiduciary who denies a claim for benefits to afford the beneficiary an opportunity for a

full and fair review of the decision denying the claim, and this review includes the right to review

all documents relevant to the claims administration process.  Anderson v. Sotheby's, Inc., 2006

WL 2637535, at *4 (S.D.N.Y. 2006)("if the work-product doctrine protected these documents,

then no ERISA plan beneficiary could ever obtain discovery into the records of an

Administrator's investigations of the claim because an administrator could almost always

claimed that it anticipated possible litigation").

     Defendant maintains that this Court should not apply the fiduciary exception here because

the Eleventh Circuit has never applied the fiduciary exception in the context of an ERISA case.

Defendant provides no legal or factual explanation of why this Court should not apply this

doctrine, however.  Indeed, application of this doctrine to ERISA actions finds significant

support in federal case law.  Wildbur v. ARCO Chem. Co., 974 F.2d 631, 645 (5th Cir. 1992)

("[A]n ERISA fiduciary cannot assert the attorney-client privilege against a plan beneficiary

about legal advice dealing with plan administration."); Becher v. Long Island Lighting Co., 129

F.3d 268, 271-72 (2d Cir. 1997) ("[T]he ERISA fiduciary must make available to the beneficiary,

upon request, any communications with an attorney that are intended to assist in the

8

administration of the plan."); <u>United States v. Mett</u>, 178 F.3d 1058, 1062-63 (9th Cir. 1999) ("the Ninth Circuit...has joined a number of other courts in recognizing a 'fiduciary exception' to the attorney-client privilege.").  The Court also notes that Defendant has implicitly conceded the application of both the fiduciary exception in the full and fair review doctrines in that it has previously produced documents to Plaintiffs pursuant to these doctrines.

The Court cannot determine which privilege or privileges, if any, apply to the documents in question absent looking at the actual documents.  Accordingly, the Court requests that the Defendant submit the documents for an in camera review.  The submission shall include the following:

> • Each document Defendant is currently withholding on the basis of privilege.  The number assigned to each document shall be clearly visible on each document.  The numbers appearing on each document must correspond with the numbers on the privilege logs already submitted to the Court.

> • Defendant shall also submit a brief for each document explaining why the document is privileged.  These briefs may not exceed two pages each.

The Court requests this submission within 20 days of the date of this Order.  It is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion to Compel Responses to First Request for Production, filed November 7, 2008 **[DE 12]**, is GRANTED.  It is further

ORDERED AND ADJUDGED that Plaintiffs' Motion to Compel Disclosure of Documents Withheld by Defendant under Claim of Attorney-Client Communication Privilege or Attorney Work Product Privilege, filed January 9, 2009 **[DE 19]**, is GRANTED insofar as

9

Plaintiffs request an in camera inspection.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 25th day of

March, 2009.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE